1  DOWNEY BRAND LLP
   JENNIFER RANDLETT MADDEN (Bar No. 184905)
2  621 Capitol Mall, 18th Floor
   Sacramento, CA  95814-4731
3  Telephone: (916) 444-1000
   Facsimile: (916) 444-2100
4  jmadden@downeybrand.com

5  Attorneys for Defendants
   J&J Maintenance, Inc. and Ronna Anderson
6

7

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10

11 | Mayrina Balibrea,                    | Case No.  **CV 09-1260 CW**
12 |          Plaintiff,                  | **STIPULATION TO FILE FIRST AMENDED ANSWER TO COMPLAINT**
13 | v.                                   |
14 | J&J MAINTENANCE, Inc., a Texas corporation doing business in
15 | California; RONNA ANDERSON (DiGERLANDO), individually and in her
16 | capacity as a Supervisor for J&J MAINTENANCE; LABORERS,
17 | INTERNATIONAL UNION LOCAL 324; GEORGE GRIFFIN, individually and in
18 | his capacity as an Officer of the LABORERS' INTERNATIONAL UNION
19 | LOCAL 324; GLORIA WICKER, individually and in her capacity as a
20 | Union Steward for LABORERS, INTERNATIONAL UNION LOCAL 324;
21 | and DOES 1-30,
22 |          Defendants.

23

24        **IT IS HEREBY STIPULATED** by and between the parties hereto, through their

25 respective attorneys of record, that this court may allow J&J MAINTENANCE, Inc. to file the

26 First Amended Answer to Complaint, a copy of which is attached hereto.

27                       **[Signatures and Order on Next Page]**

28

1028957.1                              1
STIPULATION TO FILE FIRST AMENDED ANSWER TO COMPLAINT

| | | |
|---|---|---|
| 1 | DATED: September 23, 2009 | DOWNEY BRAND LLP |
| 2 | | |
| 3 | | By: *(signature)* |
| 4 | | JENNIFER RANDLETT MADDEN<br>Attorney for Defendant<br>J&J MAINTENANCE, INC. |
| 5 | DATED: ~~September~~ OCT. 16, 2009 | LAW OFFICES OF ANTHONY D. PRINCE |
| 6 | | |
| 7 | | By: *(signature)* |
| 8 | | ANTHONY D. PRINCE<br>Attorney for Plaintiff<br>MAYRINA BALIBREA |

## ORDER

GOOD CAUSE APPEARING, J&J MAINTENANCE, INC. is hereby allowed to file the attached First Amended Answer. ~~Filing and service of the First Amended Answer shall be deemed complete on the date of execution of this order by the Court.~~ **Defendant shall file the First Amended Answer forthwith.**

**IT IS SO ORDERED.**

DATED: 10/23/09

*(signature)*
JUDGE CLAUDIA WILKEN
UNITED STATES DISTRICT COURT,
NORTHERN DISTRICT OF CALIFORNIA

# EXHIBIT A

DOWNEY BRAND LLP
JENNIFER RANDLETT MADDEN (Bar No. 184905)
621 Capitol Mall, 18th Floor
Sacramento, CA 95814-4731
Telephone: (916) 444-1000
Facsimile: (916) 444-2100
jmadden@downeybrand.com

Attorneys for Defendants
J&J Maintenance, Inc. and Ronna Anderson

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Mayrina Balibrea,<br><br>        Plaintiff,<br><br>v.<br><br>J&J MAINTENANCE, Inc., a Texas corporation doing business in California; RONNA ANDERSON (DiGERLANDO), individually and in her capacity as a Supervisor for J&J MAINTENANCE; LABORERS, INTERNATIONAL UNION LOCAL 324; GEORGE GRIFFIN, individually and in his capacity as an Officer of the LABORERS' INTERNATIONAL UNION LOCAL 324; GLORIA WICKER, individually and in her capacity as a Union Steward for LABORERS, INTERNATIONAL UNION LOCAL 324; and DOES 1-30,<br><br>        Defendants. | Case No. **CV 09-1260 CW**<br><br>**DEFENDANT J&J MAINTENANCE, INC.'S FIRST AMENDED ANSWER TO COMPLAINT** |

        Defendant J&J Maintenance, Inc. ("J&J Maintenance" or "Defendant") respectfully answers the Complaint filed by Plaintiff Mayrina Balibrea ("Plaintiff") as set forth below. To the extent the allegations in the Complaint relate to or involve unnamed defendants, J&J Maintenance lacks information or belief sufficient to answer those allegations and on that basis denies them.

        Subject to the foregoing, in answer to the separately numbered paragraphs of the

Complaint, Defendant states as follows:

**JURISDICTION**

1.  As to the allegations contained in paragraph 1, Defendant J&J Maintenance responds that the statute speaks for itself.

2.  As to the allegations in the first sentence of paragraph 2, J&J Maintenance responds that the statute speaks for itself. As to the allegations in the second sentence of paragraph 2, J&J Maintenance lacks sufficient knowledge or information to form a belief as to the truth of the material allegations contained in paragraph 2, and on that basis denies each and every allegation contained therein.

3.  As to the allegations in paragraph 3, J&J Maintenance responds that the document speaks for itself.

**PARTIES**

4.  As to the allegations in paragraph 4, J&J Maintenance lacks sufficient knowledge or information to form a belief as to the truth of the material allegations contained in paragraph 4, and on that basis denies each and every allegation contained therein.

5.  As to the allegations in paragraph 5, J&J Maintenance admits that the Company is a Texas corporation which, during Plaintiff's employment, conducted business in California. Except as so admitted, Defendant denies all material allegations contained in paragraph 5.

6.  As to the allegations in paragraph 6, J&J Maintenance admits it employed Ronna Anderson. Except as so admitted, Defendant denies all material allegations contained in paragraph 6.

7.  As to the allegations in paragraph 7, J&J Maintenance admits it employed Ryan Morton, but notes he is not named as a defendant in the caption and has not been served in this case. Except as so admitted, Defendant denies all material allegations contained in paragraph 7.

8.  As to the allegations in paragraph 8, J&J Maintenance lacks sufficient knowledge or information to form a belief as to the truth of the material allegations contained in

Defendant J&J Maintenance, Inc.'s First Amended Answer to Complaint

paragraph 8, and on that basis denies each and every allegation contained therein. J&J Maintenance does not possess sufficient information regarding "co-Defendant CITY" and on that basis denies each and every allegation related to "co-Defendant CITY."

9. As to the allegations in paragraph 9, J&J Maintenance lacks sufficient knowledge or information to form a belief as to the truth of the material allegations contained in paragraph 9, and on that basis denies each and every allegation contained therein. Furthermore, Plaintiff's claims in paragraph 9 do not refer or apply to J&J Maintenance.

**STATEMENT OF FACTS**

10. As to the allegations in the second paragraph 1[1], J&J Maintenance admits that it hired Plaintiff on or about December 16, 2005 to perform housekeeping work at David Grant Medical Center. Except as so admitted, J&J Maintenance denies each and every allegation contained in paragraph 1.

11. As to the allegations in the second paragraph 2, J&J Maintenance lacks sufficient knowledge or information to form a belief as to the truth of the material allegations contained in paragraph 2 and on that basis denies each and every allegation contained therein.

12. As to the allegations in the second paragraph 3, J&J Maintenance denies each and every allegation contained therein.

13. As to the allegations in the second paragraph 4, J&J Maintenance admits that the Company terminated Plaintiff's employment on or about February 29, 2008. Except as so admitted, J&J Maintenance denies each and every allegation contained in paragraph 4.

14. As to the allegations in paragraph 12, J&J Maintenance denies each and every allegation contained therein.

15. As to the allegations in paragraph 13, J&J Maintenance denies each and every allegation contained therein.

16. As to the allegations in paragraph 14, J&J Maintenance admits that the

---

[1] J&J Maintenance notes that Plaintiff has not numbered the paragraphs in the Complaint sequentially. Specifically, after the Jurisdiction (¶¶ 1-3) and Parties (¶¶ 4-9) sections, Plaintiff restarts the numbering of paragraphs 1-4, Plaintiff resumes with paragraph "12" *et seq.* Despite this confusion, J&J Maintenance has answered each paragraph in order with reference to the numbering in Plaintiff's complaint for the Court's ease of reference.

1029008.1

3

1  Company counseled Plaintiff regarding her failure to timely notify the Company of her alleged
2  work related injury. Except as so admitted, J&J Maintenance denies each and every allegation
3  contained in paragraph 14.

4     17. As to the allegations in paragraph 15, J&J Maintenance admits the
5  Company assigned Plaintiff to housekeeping duties to prevent exacerbation of her alleged work
6  related injury. Except as so admitted, J&J Maintenance denies each and every allegation
7  contained in paragraph 15. Plaintiff's claims in the second sentence of paragraph 15 do not refer
8  or apply to J&J Maintenance.

9     18. As to the allegations in paragraph 16, J&J Maintenance admits that on or
10 about January 10, 2008, J&J Maintenance issued Plaintiff a reprimand/final warning for violation
11 of company rules, performing poor work and housekeeping. Except as so admitted, J&J
12 Maintenance denies each and every allegation contained in paragraph 16.

13    19. As to the allegations in paragraph 17, J&J Maintenance admits that on or
14 about February 27, 2008, J&J Maintenance issued Plaintiff a final reprimand/discharge notice for
15 violation of company policy, performing poor work, housekeeping and violation of infection
16 control policy. J&J Maintenance further admits that it terminated Plaintiff's employment
17 thereafter. Except as so admitted, J&J Maintenance denies each and every allegation contained in
18 paragraph 17.

19    20. As to the allegations in paragraph 18, J&J Maintenance lacks sufficient
20 information with respect thereto upon which to form a belief, and based upon such lack of
21 information and belief, J&J Maintenance denies each and every allegation contained therein.
22 Furthermore, Plaintiff's claims in paragraph 18 do not refer or apply to J&J Maintenance.

23    21. As to the allegations in paragraph 19, J&J Maintenance lacks sufficient
24 information with respect thereto upon which to form a belief, and based upon such lack of
25 information and belief, J&J Maintenance denies each and every allegation contained therein.
26 Furthermore, Plaintiff's claims in paragraph 19 do not refer or apply to J&J Maintenance.

27           **DAMAGES**
28    22. As to the allegations in paragraph 20, J&J Maintenance denies each and

1 every allegation contained therein.

2   23.   As to the allegations in paragraph 21, J&J Maintenance denies each and every allegation contained therein.

  24.   As to the allegations in paragraph 22, J&J Maintenance denies each and every allegation contained therein.

  25.   As to the allegations in paragraph 23, J&J Maintenance denies each and every allegation contained therein.

  26.   As to the allegations in paragraph 24, J&J Maintenance lacks sufficient information with respect thereto upon which to form a belief, and based upon such lack of information and belief, J&J Maintenance denies each and every allegation contained therein. Furthermore, Plaintiff's claims in paragraph 24 do not refer or apply to J&J Maintenance.

  27.   As to the allegations in paragraph 25, J&J Maintenance lacks sufficient information with respect thereto upon which to form a belief, and based upon such lack of information and belief, J&J Maintenance denies each and every allegation contained therein.

**FIRST CAUSE OF ACTION**

  28.   As to the allegations in paragraph 26, J&J Maintenance reasserts and incorporates by reference Paragraphs 1-27 of its Answer as though set forth in full herein.

  29.   As to the allegations in paragraph 27, J&J Maintenance denies each and every allegation contained therein.

  30.   As to the allegations in paragraph 28, J&J Maintenance lacks sufficient information with respect thereto upon which to form a belief, and based upon such lack of information and belief, J&J Maintenance denies each and every allegation contained therein. Furthermore, Plaintiff's claims in paragraph 28 do not refer or apply to J&J Maintenance.

  31.   As to the allegations in paragraph 29, J&J Maintenance denies each and every allegation contained therein.

  32.   As to the allegations in paragraph 30, J&J Maintenance lacks sufficient information with respect thereto upon which to form a belief, and based upon such lack of information and belief, J&J Maintenance denies each and every allegation contained therein.

1  Furthermore, Plaintiff's claims in paragraph 30 do not refer or apply to J&J Maintenance.

## SECOND CAUSE OF ACTION

33. As to the allegations in paragraph 31, J&J Maintenance reasserts and incorporates by reference Paragraphs 1-32 of its Answer as though set forth in full herein.

34. As to the allegations in paragraph 32, J&J Maintenance denies each and every allegation contained therein.

35. As to the allegations in paragraph 33, J&J Maintenance denies each and every allegation contained therein.

## THIRD CAUSE OF ACTION

36. As to the allegations in the second paragraph 33[2], J&J Maintenance reasserts and incorporates by reference Paragraphs 1-35 of its Answer as though set forth in full herein.

37. As to the allegations in paragraph 34, J&J Maintenance denies each and every allegation contained therein.

## FOURTH CAUSE OF ACTION

38. As to the allegations in paragraph 35, J&J Maintenance reasserts and incorporates by reference Paragraphs 1-37 of its Answer as though set forth in full herein.

39. As to the allegations in paragraph 36, J&J Maintenance denies each and every allegation contained therein.

## FIFTH CAUSE OF ACTION

40. As to the allegations in paragraph 37, J&J Maintenance reasserts and incorporates by reference Paragraphs 1-39 of its Answer as though set forth in full herein.

41. As to the allegations in paragraph 38, J&J Maintenance denies each and every allegation contained therein.

## SIXTH CAUSE OF ACTION

42. As to the allegations in paragraph 39, J&J Maintenance reasserts and

---

[2] J&J Maintenance notes Plaintiff's Complaint contains two sequential paragraphs both identified as paragraph 33.

1  incorporates by reference Paragraphs 1-41 of its Answer as though set forth in full herein.

2       43.    As to the allegations in paragraph 40, J&J Maintenance denies each and every allegation contained therein.

3       44.    As to the allegations in paragraph 41, J&J Maintenance denies each and every allegation contained therein.

### SEVENTH CAUSE OF ACTION

45.    As to the allegations in paragraph 42, J&J Maintenance reasserts and incorporates by reference Paragraphs 1-44 of its Answer as though set forth in full herein.

### EIGHTH CAUSE OF ACTION

46.    As to the allegations in paragraph 43, J&J Maintenance reasserts and incorporates by reference Paragraphs 1-45 of its Answer as though set forth in full herein.

47.    As to the allegations in paragraph 44, J&J Maintenance denies each and every allegation contained therein.

48.    As to the allegations in paragraph 45, J&J Maintenance lacks sufficient information with respect thereto upon which to form a belief, and based upon such lack of information and belief, J&J Maintenance denies each and every allegation contained therein. Furthermore, Plaintiff's claims in paragraph 45 do not refer or apply to J&J Maintenance.

### NINTH CAUSE OF ACTION

49.    As to the allegations in paragraph 46, J&J Maintenance reasserts and incorporates by reference Paragraphs 1-48 of its Answer as though set forth in full herein.

50.    As to the allegations in paragraph 47, J&J Maintenance denies each and every allegation contained therein.

### TENTH CAUSE OF ACTION

51.    As to the allegations in paragraph 48, J&J Maintenance reasserts and incorporates by reference Paragraphs 1-50 of its Answer as though set forth in full herein.

52.    As to the allegations in paragraph 49, J&J Maintenance lacks sufficient information with respect thereto upon which to form a belief, and based upon such lack of information and belief, J&J Maintenance denies each and every allegation contained therein.

1  Furthermore, Plaintiff's claims in paragraph 49 do not refer or apply to J&J Maintenance.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

To the extent Plaintiff's claims are based in whole or in part upon alleged misconduct by J&J Maintenance's agents or employees, Plaintiff's claims are barred because such conduct was beyond the course and scope of those agents' or employees' respective agency or employment with Defendant.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's state law claims are completely preempted by federal law, Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are time barred under the applicable statue of limitations.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of laches.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of waiver.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of estoppel and equitable estoppel.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by her failure to exhaust state and federal administrative remedies available to her.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by Plaintiff's failure to exhaust her internal and/or contractual remedies available to her, a condition precedent to maintenance of this action.

### ELEVENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff's claims against J&J Maintenance arise out of alleged emotional and/or physical injury to Plaintiff the claims are barred by workers' compensation exclusivity.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate her damages, which she allegedly suffered, if any such damages there were, or are, and such failure to mitigate bars and/or diminishes Plaintiff's right of recovery against J&J Maintenance.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to join necessary and indispensable parties.

### FOURTEENTH AFFIRMATIVE DEFENSE

J&J Maintenance acted in good faith, without malice and with due regard for the rights of Plaintiff.

### FIFTEENTH AFFIRMATIVE DEFENSE

This Court lacks jurisdiction over Plaintiff's Complaint, and each cause of action therein, insofar as her claims are based on facts, events, or allegations that are beyond the scope of any complaint or charge of discrimination filed by Plaintiff with the Department of Fair Employment and Housing.

### SIXTEENTH AFFIRMATIVE DEFENSE

Should it be determined that Plaintiff has been damaged, these damages were proximately caused by Plaintiff's own conduct or the conduct of a third person over whom Defendant had no control.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Defendant was fully justified and exercised reasonable care, prudence, skill and business judgment in the management of Plaintiff. Any decisions with respect to Plaintiff were made without consideration of improper or illegal matters. Defendant acted in good faith, consistent with the law and with Defendant's established policies and practices. Defendant's actions were proper and privileged.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and each cause of action therein, is barred in whole or in part due to Plaintiff's failure to adequately avail herself of Defendant's internal complaint procedures for handling discrimination, harassment, and/or retaliation claims.

### NINETEENTH AFFIRMATIVE DEFENSE

Defendant exercised reasonable care to prevent and correct promptly any alleged discriminatory or harassing behavior, and Plaintiff unreasonably failed to avoid the harm or to take advantage of any preventative or corrective opportunities provided by Defendant.

### TWENTIETH AFFIRMATIVE DEFENSE

Any relief to which Plaintiff may be entitled under his Complaint and each cause of action therein should be barred and/or limited by after-acquired evidence of Plaintiff's misconduct.

### TWENTY FIRST AFFIRMATIVE DEFENSE

Any recovery on Plaintiff's Complaint and each cause of action therein is barred by California Labor Code sections 2854 and 2856 in that Plaintiff failed to use ordinary care and diligence in the performance of her duties and failed to comply substantially with the reasonable directions of her employer.

### TWENTY SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and each cause of action therein, fails to state facts sufficient to support an award of punitive damages, exemplary damages, and/or emotional distress damages against Defendants.

### TWENTY THIRD AFFIRMATIVE DEFENSE

Because Plaintiff's Complaint is couched in conclusory terms and based upon information and belief, Defendant cannot fully anticipate all affirmative defenses that may be applicable to this action. Accordingly, the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable, is hereby reserved.

### **PRAYER FOR RELIEF**

WHEREFORE, Defendant prays for relief as follows:

1. Plaintiff takes nothing by way of this action;

2. The Complaint and action be dismissed with prejudice;

3. Defendant has judgment against Plaintiff;

4. Defendant recover its attorneys' fees and costs of suit herein; and

5. For such other and further relief as the court deems just and proper.

DATED: October 22, 2009            DOWNEY BRAND LLP

By: _____
JENNIFER RANDLETT MADDEN
Attorney for Defendant
J&J Maintenance, Inc.

1029008.1

11