UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MAYRINA BALIBREA

        Plaintiff,

    v.

J & J MAINTENANCE, INC., et al.

        Defendant.

_____/

No. 09-1260-CW (EDL)

**ORDER GRANTING MOTION TO COMPEL AND MOTION FOR SANCTIONS**

Defendants J&J Maintenance, Inc. and Ronna Anderson move to compel Plaintiff Mayrina Balibrea's Initial Disclosures and seek sanctions. These motions, as well as all discovery matters, were referred to this Court on December 12, 2009. Plaintiff has not opposed or otherwise responded to the Motions. For the following reasons, the Court finds no hearing is necessary and GRANTS Defendants' unopposed Motion to Compel and Motion for Sanctions.

**Factual Background**

This Title VII civil rights case was filed on March 24, 2009. At a case management conference on September 3, 2009, Judge Wilken ordered the parties to exchange initial disclosures under Federal Rule of Civil Procedure 26(a) by October 12, 2009. See Dkt. No. 39 (9/9/09 Minute Order and Case Management Order). Defendants complied with the deadline, but Plaintiff did not. See Declaration of Jennifer Randlett Madden ("Madden Decl.") ¶ 5. On October 16, Defendants sent Plaintiff an email and letter reminding her that her initial disclosures were past due. Id. ¶ 6; Ex. C. Later that day, the parties communicated regarding an upcoming Early Neutral Evaluation session and Defendants again inquired about the initial disclosures. Id. Plaintiff responded that she had received Defendants' initial disclosures and promised to contact Defendants by noon on October 19, 2009 to set a date for when she

would provide her initial disclosures. Id. Apparently during this conversation, Plaintiff's counsel informed Defendants that he had been caring for his sick father in Los Angeles. Motion at n.1.

Defendants received nothing from Plaintiff by noon on October 19, 2009 and sent Plaintiff a letter demanding communication by October 23, 2009. Id. ¶ 8; Ex. D. Plaintiff contacted Defendants and promised to provide initial disclosures by October 30, 2009. Id. ¶ 9. However, Plaintiff later informed Defendants that this date was unrealistic, and promised to provide initial disclosures by November 7, 2009. Id. ¶ 10; Ex. E. On November 1, 2009 Plaintiff's counsel informed Defendants that he was going to Los Angeles to care for his sick father and was uncertain when he would return. Id. ¶ 11; Ex. F. Defendants informed Plaintiff that if they did not receive initial disclosures by November 4, 2009, they would move to compel and seek sanctions. Id. ¶ 12; Ex. G. On November 5, 2009, Plaintiff informed Defendants that she would provide initial disclosures by November 12, 2009, but did not provide them by this date. Id. ¶ 13-14; Ex. H. The parties participated in an Early Neutral Evaluation on November 18, 2009, and Plaintiff did not provide her initial disclosures before or during this session. Id. ¶ 15. Plaintiff promised to provide disclosures by November 20, 2009, but had not provided them by December 3, 2009 when Defendants filed these motions. Id. ¶ 16.

**Legal Standard**

Pursuant to Federal Rule of Civil Procedure 37(a)(3)(A), if a party "fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions." Before such a motion is made, the moving party must "in good faith" confer or attempt to confer with the party that has failed to make the disclosure in an effort to avoid court involvement. Local Rule 37-1(a). If the motion to compel is successful, the Court must require the party whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses, including attorney's fees, unless the conduct was substantially justified or other circumstances make an award of expenses unjust. Fed. R. Civ. P 37(a)(5)(A).

Rule 37(c)(1) further provides that a party who fails to make initial disclosures "is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." In addition to this evidence preclusion sanction, the Court may "order payment of the reasonable expenses, including attorney's fees, caused by the failure" to provide initial disclosures. Fed. R. Civ. P. 37(c)(1)(A). Finally, Rule 37(b)(2)(A) provides for

sanctions for violation of a Court's discovery order, and requires the Court to "order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." The burden is on Plaintiff to show that her failure to provide initial disclosures was substantially justified or harmless to avoid sanctions. See Yeti By Molly Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001).

**Analysis**

### Defendants' Motion to Compel

Based on the factual background of this dispute, it is clear that Defendants have attempted on multiple occasions to meet and confer with Plaintiff to obtain her initial disclosures. However, Plaintiff has failed to provide initial disclosures, although more than two months have passed since the Court-ordered deadline for exchange. Plaintiff has not opposed the Motion to Compel. Therefore Defendants' Motion to Compel Plaintiff to provide initial disclosures is GRANTED.

### Defendants' Motion for Sanctions

Defendants seek monetary and evidentiary sanctions based on Plaintiff's violation of the Court's order requiring that the parties exchange initial disclosures by October 12, 2009. No opposition was filed to the Motion to Compel or Motion for Sanctions, and therefore neither Plaintiff nor Plaintiff's counsel have demonstrated substantial justification for the complete failure to provide initial disclosures for over two months after the Court ordered deadline.

Monetary sanctions are authorized in this case by Rules 37(a), 37(b) and 37(c). Defendants state that they have expended $5,945.00 in fees and costs in bringing these motions as a result of Plaintiff's failure to provide initial disclosures. See Declaration of Ellen C. Wu ¶ 3 (spend 21.6 hours drafting motions and supporting papers and charged client $200.00 per hour for work); Madden Decl. ¶¶ 17-18 (spent 2.5 hours reviewing and revising motions and supporting papers and charged client $325.00 per hour for work). The time spent and the hourly rates are reasonable, and the Court GRANTS Defendants' request in the full amount.

Defendants also seek an order precluding Plaintiff from using information or witnesses contained in any subsequently produced initial disclosures as evidence on a motion, at a hearing, or at trial. See Proposed Order. Because Plaintiff has filed no Opposition to either the Motion to Compel or Motion

for Sanctions, no substantial justification has been presented for Plaintiff's failure to provide discovery or to oppose the motions that might mitigate the appropriateness of a preclusion sanction. Therefore the Court finds that a preclusion sanction is currently warranted, and GRANTS Defendants' request that Plaintiff be precluded from using information or witnesses contained in any subsequently produced initial disclosures as evidence on a motion, at a hearing, or at trial. However, the Court notes that Defendants' papers note that Plaintiff's counsel stated that he suffered an illness in the family. If substantiated, this type of event could present some justification that might convince the Court to amend its award of preclusion sanctions. Therefore, if warranted, Plaintiff may file a request that the Court modify its Order awarding preclusion sanctions based on a showing of substantial justification for its failure to provide discovery or oppose the Motion to Compel and Motion for Sanctions.

Dated: January 12, 2010

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge